15295. MORRIS, trustee, *v.* ROBINSON.

The trustee in bankruptcy was not estopped from bringing an action of trover for the automobile in question by the judgment in the creditor's action to recover it for the use of the trustee. The creditor had no right to maintain the suit, and it was a nullity.

The court erred in sustaining the plea of res judicata.

DECIDED DECEMBER 11, 1924.

Trover; from Fulton superior court—Judge Humphries. November 8, 1923.

Application for certiorari was denied by the Supreme Court.

*M. C. Few, W. G. Grant,* for plaintiff.

*E. Smythe Gambrell, Underwood, Pomeroy & Haas,* for defendant.

PER CURIAM. J. Hill Morris, as trustee of the estate of W. W. Clark, bankrupt, brought an action in trover against W. T. Robinson to recover a certain automobile alleged to be the property of said Morris as trustee of the bankrupt. The defendant filed a plea of res judicata. Upon a hearing of the issue raised by this plea the following facts were agreed upon and submitted to the judge: "Turnell Trading Company, a creditor of the bankrupt, W. W. Clark, during the administration of said bankruptcy, filed a petition with Howell Cobb, referee in bankruptcy, who had charge of the administration of this particular bankruptcy case, seeking to recover from W. T. Robinson (the present defendant), for the use of the trustee in bankruptcy, the Oldsmobile automobile in question. on the ground that the same had been preferentially transferred for the purpose of hindering other creditors. Upon the hearing of said petition, after a rule nisi issued by the referee, many witnesses testified as to the transaction. The trustee was present at the hearing, as well as all the creditors, and no one interposed any objections to the proceedings being brought in the name of the particular creditor. When the referee's decision upon the merits was adverse to the creditor and the rule nisi was dismissed an appeal was taken to Judge Sibley of the district court of the United States for the northern district of Georgia, where the finding of the referee was affirmed. The trustee of the bankrupt, through M. C. Few, Esq., the same attorney who had represented the petitioning creditor, afterwards filed the present petition in trover for the same automobile, and the defendant filed a plea of res judicata.

The defendant introduced in evidence the following judgment of the referee in bankruptcy upon the said rule nisi: 'In the District Court of the United States for the Northern District of Georgia. Eastern Division. In re W. W. Clark, bankrupt. Turnell Trading Company, a creditor of the above bankrupt estate, filed a petition to recover for the trustee a certain automobile alleged to have been transferred by the bankrupt to W. T. Robinson, of Atlanta, Georgia, in satisfaction of a pre-existing debt, within a few days before bankruptcy; that the transfer was made as aforesaid in contemplation of bankruptcy, with intent to prefer said Robinson to his other creditors; that Robinson had knowledge of the insolvent condition of Clark at the time of the transfer of said automobile, and that said Clark and Robinson were in collusion in regard to the transaction. A rule nisi was issued to W. T. Robinson, requiring him to show cause why he should not deliver said automobile to the trustee in bankruptcy, to be administered along with the balance of the said bankrupt estate. Robinson filed a response setting up the fact that Clark had transferred the automobile in question to him in August, 1920, some six months before the bankruptcy proceedings were commenced, and he, Robinson, had allowed Clark to keep the car in his, Clark's, possession to sell for Robinson; that Saturday, January 8, 1921, he came to Madison and saw Clark riding in the car, that Clark was evidently making no effort to sell it, and that it would be to his interest to take the car back to Atlanta with him; this he did Monday, January 10, 1921. Clark filed his voluntary petition in bankruptcy. Now, after hearing the evidence, it is ordered that said rule nisi be and the same is hereby dismissed. Dated at Athens, Ga. This the 29th day of June, 1921. Howell Cobb, Referee in bankruptcy.' " The defendant also introduced in evidence the following judgment of the district court of the United States for the northern district of Georgia, affirming the referee's finding on said rule nisi: "In the matter of W. W. Clark, bankrupt, No. 1005, in bankruptcy. Petition of Turnell Trading Co. No question has been raised and no opinion is expressed on the right of creditors to maintain this petition, or as to its binding effect upon the trustee. I greatly doubt whether the transaction set up in Robinson's answer and testified to by him is valid against the recording laws of Georgia, but the petition in the case attacks it only on the grounds (1) that it was voidable preference, and (2)

that it was a transfer made to hinder, delay, and defraud creditors. These issues were tried before the referee, and upon sufficient evidence he held that the preference, though originally voidable, occurred more than four months prior to bankruptcy, and for this reason could not be avoided, and that, though a preference, it was made in good faith so far as a purpose to hinder, delay, and defraud other creditors was concerned. These findings are supported by evidence and will not be interfered with. Complaint is made that the referee made no finding concerning the Overland (another) automobile. The title is disclaimed by Robinson to that, and the omission to make a finding does not seem to be of any practical importance. The referee's finding is confirmed. This October 20th, 1921. Saml. H. Sibley, U. S. Judge."

The judge of the superior court then passed the following order : "The above matter, by special agreement of the parties hereto, having come on for the hearing of the plea of res judicata filed hereto, it is ordered and adjudged that said plea of res judicata be sustained, and that defendant herein have final judgment in this action of trover. Cost to be assessed against the plaintiff. This the 8th day of November, 1923. John D. Humphries, Judge Superior Court." To this order the plaintiff excepted.

The evidence offered to sustain the plea of res judicata does not establish the right of the creditor of the bankrupt estate to maintain the suit in his name for the use of the trustee in bankruptcy against Robinson. In fact the evidence shows that the creditor had no such right, and that the suit was a nullity. (Judge Sibley in his opinion raised this question, and said that he did not pass upon it.) The decision in that case, therefore, was not binding on the trustee, and does not estop him from bringing an action of trover in his own name to recover the automobile.

*Judgment reversed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*